1  ANDRÉ BIROTTE JR.
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
4  JUSTIN RHOADES (Cal. State Bar No.: 230463)
   JEFF MITCHELL (Cal. State Bar No.: 236225)
5  Assistant United States Attorneys
   Violent & Organized Crime Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-2917/3380/0698
8       Facsimile: (213) 894-3713
        E-mail: ariel.neuman@usdoj.gov
9               justin.rhoades@usdoj.gov
                jeff.mitchell@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12                   UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        ) CR No. 09-230(A)-SVW
                                    )
15              Plaintiff,          ) GOVERNMENT'S POSITION RE:
                                    ) SENTENCING FOR DEFENDANT
16              v.                  ) CHRISTINO LABADIE; EXHIBIT
                                    )
17 RAMON NARCISO MORALES MENDOZA,   )
   ET AL.,                          )
18                                  ) SENTENCING DATE: **5/25/2010**
                Defendants.         )
19                                  )
                                    )
20                                  )
                                    )
21 _____ )

22

23      Plaintiff United States of America, by and through its

24 counsel of record, the United States Attorney for the Central

25 District of California, hereby files its sentencing position

26 relating to defendant Christino Labadie.

27 ///

28 ///

1     The United States' position regarding sentencing is based

2 upon the attached memorandum of points and authorities, the files

3 and records in this case, the Presentence Report, and any other

4 evidence or argument that the Court may wish to consider at the

5 time of sentencing.

6

7 DATED: May 5, 2010            Respectfully submitted,

8                              ANDRÉ BIROTTE JR.
                               United States Attorney
9
                               CHRISTINE C. EWELL
10                             Assistant United States Attorney
                               Chief, Criminal Division
11

12
                                   /S/
13                             _____
                               JEFF MITCHELL
14                             Assistant United States Attorney

15                             Attorneys for Plaintiff
                               United States of America

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On March 15, 2010, defendant Christino Labadie ("defendant") pled guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than 100 grams of heroin but less than 400 grams of heroin in violation of 21 U.S.C. § 846. Defendant admitted that he regularly called co-defendant Pedro Luis Perez-Cruz, aka "Arguayo" ("Perez-Cruz") on the telephone to order heroin packaged for distribution.  Defendant also admitted that the conspiracy involved the distribution of more than 100 grams of heroin but less than 400 grams.  (Plea Agreement ¶ 11). Defendant admitted to specific instances wherein he undertook these activities, including on November 20, 2008, when defendant and an unknown co-conspirator called co-defendant Perez-Cruz and arranged to purchase $150 worth of heroin for distribution.  Id.

### II.  THE PRESENTENCE REPORT

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on April 15, 2010.  The PSR calculated the total offense level as follows:

| | | |
|---|---|---|
| Base Offense Level : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Acceptance of Responsibility : | -3 | U.S.S.G. § 3E1.1 |

PSR ¶¶ 25-35; see also, Plea Agreement ¶ 14.  The PSR also calculated a criminal history category of VI based on 13 criminal history points.  (PSR ¶ 76).  The PSR calculated the guideline sentence to be 92-115 months imprisonment, a minimum of 4 years' supervised release, and a mandatory special assessment of $100.

1

1  (PSR ¶¶ 114-125).

2  **III.  PROBATION OFFICE'S RECOMMENDATION**

3      The United States Probation Office recommended the following
4  sentence: a 92-month term of imprisonment, a four-year term of
5  supervised release, and a special assessment of $100.  (USPO
6  Recommendation Letter at 1).  The Probation Officer found that
7  defendant does not have the ability to pay a fine.  <u>Id.</u> at 4.

8  **IV.  THE GOVERNMENT'S RECOMMENDATION**

9      The United States does not object to the calculations and
10 findings set forth in the PSR,[1] but recommends a sentence of 60
11 months imprisonment for the reasons described below.
12 Specifically, the government recommends the following sentence: a
13 term of 60 months imprisonment, followed by a 4-year term of
14 supervised release, and a mandatory special assessment of $100.
15 The recommended sentence addresses the considerations set forth
16 at 18 U.S.C. § 3553(a), as discussed herein.

17              1.   <u>The Nature And Circumstances Of The Offense and</u>
                     <u>the History and Characteristics of the Defendant</u>
18
19     Section 3553(a)(1) provides that the Court shall consider
20 the nature and circumstances of the offense and the history and
21 characteristics of the defendant.  Here, defendant has admitted
22 to distributing heroin for profit.  (Plea Agreement ¶ 11).

23     As with many of the defendants in this case, the defendant
24 has a long history of drug addiction.  (PSR ¶ 96-101).  Defendant
25 has also participated in a substance abuse program while in state

26         [1] The United States, thus, hereby moves and requests the
27 Court to grant defendant the additional 1-level reduction,
   pursuant to Section 3E1.1(b) of the Sentencing Guidelines based
28 on the timely notification of defendant's intention to plead
   guilty.  U.S.S.G. § 3E1.1(b).

1  prison, but relapsed.  (PSR ¶ 98).

2          2.   The Need For The Sentence Imposed

3      Section 3553(a)(2) provides that in determining the

4  particular sentence, the Court shall consider the need for the

5  sentence imposed to reflect the seriousness of the offense,

6  promote respect for the law, provide just punishment for the

7  offense, and afford adequate deterrence to criminal conduct.  As

8  alleged in the indictment, the instant conspiracy was a long-

9  running conspiracy kept going by various members of the Mendoza

10  organization in Mexico, who would come to the United States in

11  order to coordinate and facilitate the distribution of heroin.

12  The offense was a serious one in that this organization was

13  responsible for the distribution of large amounts of heroin

14  throughout southern California, continuously supplying the region

15  for many years.  In order to deter the organization from

16  continuing to operate and to deter others from attempting to

17  replace those arrested, a significant period of incarceration is

18  warranted for defendant.

19      Moreover, defendant's addiction to controlled substances is

20  long-running and has resulted in a continued disregard for the

21  law.  As noted in the PSR, previously lengthy terms of

22  imprisonment have not been successful in deterring defendant.

23  Accordingly, a significant term of imprisonment is needed to

24  impress upon defendant the seriousness of his conduct.

25      3.   Need to Avoid Unwarranted Sentence Disparities

26      Section 3553(a)(6) provides that in determining the

27  particular sentence, the Court shall consider the need to avoid

28  unwarranted sentence disparities.  Following the recommended

3

1   sentencing guideline range will avoid unwarranted sentence
2   disparities among defendants with similar records who have been
3   found guilty of similar conduct.  Here, the USPO has recommended
4   a low-end guideline range for defendant, 92 months.  However, all
5   defendants who played a similar role in this organization -- the
6   resellers -- have received a sentence of 60 months.  Therefore,
7   the government has recommended a sentence of 60 months.

8   **V.   CONCLUSION**

9       For the foregoing reasons, the United States respectfully
10  recommends that the Court impose a sentence of 60 months
11  imprisonment, four years of supervised release, and a special
12  assessment of $100.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28